Rockingham
No. 78-153

SUSAN K. WRIGHT

v.

WESLEY D. WRIGHT

February 28, 1979

*Nadeau & Reiner, P.A.*, of Portsmouth (*J. P. Nadeau* orally), for the plaintiff.

*Tetler & Holmes*, of Hampton (*Edward R. Woiccak* orally), for the defendant.

MEMORANDUM OPINION

This case involves a marital dispute, and is before us as the result of the last of a series of legal skirmishes.

The Master (*Nicholas G. Copadis*, Esq.), after an informal hearing wherein the defendant's contumacious actions as recited in the pleadings were argued, ruled on plaintiff's motion for contempt as follows:

> Motion for contempt is denied, the defendant, by February 23, 1978, had made all payments ordered by the Court by its decree effective December 6, 1977.

> Under those circumstances, the motion for contempt should have been withdrawn.

> Court awards defendant counsel fees of $150.00 and orders payment made no later than March 25, 1978.

The superior court approved the report and entered an order in accordance therewith. Plaintiff's exceptions were reserved and transferred by *Mullavey*, J.

The master's finding that the motion should have been withdrawn was well grounded. He was familiar with the marital problems of the parties because he had not only heard and recommended the granting of the divorce decree, but had also acted and ruled on several motions including previous ones wherein contempt was alleged. The

104

defendant, having complied with the court order, had purged himself of any alleged civil contempt. *Duval v. Duval*, 114 N.H. 422, 425, 322 A.2d 1, 3 (1974). The record before us sustains a finding that the plaintiff's insistence on a hearing was frivolous and unreasonable. The master was justified in refusing to proceed with criminal contempt.

■ Superior Court Rule 59, RSA 491:App. R. 56 (Supp. 1977), allows assessment of reasonable costs including counsel fees for frivolous or unreasonable conduct making necessary a hearing on any motion. Rule 201 makes rules relating to actions at law also applicable to suits in equity. Even where a superior court rule does not contain a specific provision for the assessment of counsel fees against a party which has violated it, such fees may be awarded "[u]pon violation of any rule of court," and "the court may take such action as justice may require." Introduction to Rules of Superior Court, RSA 491:App. (Supp. 1977). *See generally Tuttle v. Palmer*, 118 N.H. 553, 392 A.2d 574 (1978).

■ We affirm and, on our own motion, award double the costs of appeal and interest at twelve percent. RSA 490:14-a (1977).

*Exceptions overruled.*