Hillsborough
No. 79-101

## MARY DOE

v.

## JOHN DOE

October 24, 1979

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*Paul R. Cox* orally), for the plaintiff.

*Cullity & Kelley*, of Manchester (*John F. Cullity* orally), for the defendant.

PER CURIAM. The principal issue in this child custody case is whether the evidence supports the trial court's decree changing custody from the mother to the father. We hold that it does.

The parties were divorced in 1973 and custody of their two minor boys was awarded to the plaintiff after a full hearing. The boys were then six months and two-and-a-half years old.

Disputes arose over visitation rights, which in September 1977 included the right of the defendant to have the children with him on alternate weekends. *Susan Leahy*, Esq., was appointed guardian ad litem to assist in resolving disputes.

In January 1978, defendant filed a petition for contempt. In her answer, plaintiff alleged that defendant had exposed the children "to abnormal and bizarre sexual activities which will be described in detail at the hearing." After a two-day hearing, the court issued an order with the agreement of the parties, placing the children with third parties on a temporary basis. The children were to be interviewed by a child psychiatrist and the parties were also to submit to psychiatric evaluation. Reports of the psychiatrists were submitted without objection to the court along with the reports of polygraph examinations of the parties.

The parties and their counsel were requested to appear before the court with the children on May 23, 1978. Counsel and the parties appeared but the children did not. Counsel were furnished with copies of the court's decree which stated that the court found that plaintiff had "caused great psychological harm to these children" who had been psychologically "battered" while in her custody, that her allegations regarding sexual abuses were false, and that she was not the proper person to have custody. The decree awarded custody to the defendant.

Upon inquiry by the court, it appeared that the plaintiff had removed the children from the State. She was ordered to remain in the State until the children were returned and the guardian ad litem was requested to arrange for the return of the children. She was, however, unable to locate them. Plaintiff's counsel was notified of a hearing on defendant's motion for contempt and was given the choice of two different dates. A hearing was held on June 5, 1978, but neither plaintiff nor her counsel appeared. Plaintiff was found in contempt and a *capias* was ordered until she complied with the order of May 23, 1978. A further hearing was held on August 22, 1978, at which plaintiff's counsel appeared, stating that neither the plaintiff nor the

children had been located. Plaintiff's exceptions to the court's decree and order were transferred by *Johnson, J.*

Defendant has moved that the appeal be dismissed because plaintiff is in contempt. We decline, however, to exercise our discretionary power to dismiss under the circumstances of this case involving the rights of children.

Plaintiff first attacks the order changing custody on the basis that there is not a change in circumstances sufficient to meet the requirements of *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974). However, the "great psychological harm" and psychological "battering" of the children found to have been caused by the plaintiff took place after the court's original custody decree of 1973. These findings together with the other events which have taken place during the period from the original decree until the May 23, 1978, hearing formed the basis for the finding that plaintiff was not a proper person to have custody of the children and for the decree transferring custody to defendant.

■■ Changes in circumstances which justify a change in custody need not, as plaintiff argues, be limited to such factors as personal hygiene or lifestyles, as in *Hille v. Hille*, 116 N.H. 109, 352 A.2d 703 (1976) and *Rousseau v. Rousseau*, 116 N.H. 106, 352 A.2d 706 (1976), but may include the psychological factors involved in this case. We hold that there has been no violation of the requirement of *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974). Nor has plaintiff convinced this court that the change in custody was founded on a desire to punish her. *See Houde v. Beckmeyer*, 116 N.H. 719, 366 A.2d 504 (1976).

■ The plaintiff claims that she was denied due process because the court modified the custody decree without giving her a full opportunity to be heard. However, it appears that in January 1978, the court conducted a two-day evidentiary hearing in which both parties took part. Following the hearing, the court entered an order, with the consent of the parties, removing the children temporarily from the plaintiff and ordering certain psychiatric examinations. The reports were considered by the court without objection.

We find no denial of due process in the conduct of the proceedings. It must be remembered that the issue involved in this matter is the welfare of the children. Although parents have certain rights, the interest of the children is paramount. *Del Pozzo v. Del Pozzo*, 113 N.H. 436, 309 A.2d 151 (1973). Here the children were represented by a capable guardian ad litem who participated in the proceedings and does not disagree with the court's order.

■■ Questions of custody are primarily problems for the trial court, and unless it can be said that no rational trier of fact could come to the conclusion that the trial court has reached, it will not be disturbed. *Starkeson v. Starkeson*, 119 N.H. 78, 80–81, 397 A.2d 1043, 1045 (1979). Although there was conflicting evidence and expert opinion to the contrary in this case, the determination made by the trial court was reasonable and was supported by the evidence. It therefore must stand. *Ballou v. Ballou*, 118 N.H. 463, 387 A.2d 1169 (1978).

■ The plaintiff's contention that the contempt finding is invalid because she was not given an opportunity to be heard must also be rejected. The finding is one of civil contempt because its purpose is to enforce the court's order and plaintiff can purge herself of the contempt by compliance. *Duval v. Duval*, 114 N.H. 422, 425, 322 A.2d 1, 3 (1974); *see Wright v. Wright*, 119 N.H. 102, 104, 398 A.2d 837, 838 (1979). Her counsel was notified of the hearing and was given alternative dates. He did not appear nor did any member of his firm. There appears to be no way that counsel could have notified the plaintiff because her whereabouts were unknown. Moreover, there was ample evidence submitted from which it could be found that the plaintiff had deliberately removed herself and the children from the State and was refusing to return. This clearly supported the finding of contempt and there does not appear to be any defense which could have been presented if counsel had been present.

*Exceptions overruled.*

BOIS, J., did not sit.