Rockingham
No. 79-089

### S. CARL NOWELL

v.

### UNION MUTUAL FIRE INSURANCE COMPANY
### AND
### AMOSKEAG INSURANCE AGENCY CORP.

### UNION MUTUAL FIRE INSURANCE CO.

v.

### AMOSKEAG INSURANCE AGENCY CORP.

December 12, 1979

*Wiggin & Nourie*, of Manchester (*Dort S. Bigg* and *Gregory A. Holmes* by brief), for the plaintiff, Union Mutual Fire Insurance Co.

*Devine, Millimet, Stahl & Branch*, of Manchester (*Alice S. Love* by brief), for the defendant, Amoskeag Insurance Agency Corp.

PER CURIAM. This is a declaratory judgment brought by S. Carl Nowell (hereinafter the insured) to determine whether the Union Mutual Fire Insurance Co. (hereinafter Union Mutual) or the Amoskeag Insurance Agency (hereinafter Amoskeag) was liable to the insured for fire loss under a homeowner's policy. The Trial Court (*Cann*, J.) ordered the policy reformed to cover the correct premises and placed the risk of loss first, as respects the insured, on Union Mutual, and then, as between Amoskeag and Union Mutual, on Amoskeag. Defendants' exceptions were reserved and transferred. The sole question presented before this court is whether the trial court erred in finding the agent, Amoskeag, liable to its principal, Union Mutual. We affirm the trial court's decree.

On December 5, 1975, the insured applied for a homeowner's insurance policy from Amoskeag. At the time of his application, the insured owned and occupied a mobile home located at 130 Passage Road, Salem, New Hampshire, on which Amoskeag had previously written a homeowner's policy with Vermont Mutual. The insured's application in December 1975 was for a house he was buying at 51 East Broadway, Salem, New Hampshire.

The insured advised Amoskeag that title would pass on December 18, 1975, and that he desired coverage which would become effective on that date. Amoskeag issued a homeowner's insurance policy to the insured on behalf of its principal, Union Mutual. The address of the insured, however, was incorrectly listed as 130 Passage Road, the address of the mobile home, instead of 51 East Broadway, the address of the house that the insured purchased.

On December 7, 1976, the house at 51 East Broadway was damaged by fire while the house was still unoccupied. When it was discovered

thereafter that the wrong address appeared on the policy, Amoskeag attempted to change the policy by a retroactive endorsement which was rejected by Union Mutual. The insured thereafter petitioned for declaratory judgment.

Union Mutual argues that owner-occupancy of the premises to be insured under a homeowner's policy is a prerequisite to acceptance of the risk and that Amoskeag breached its duty to inspect the insured premises after issuance of the policy to determine whether it was owner-occupied. The initial inquiry, then, is whether an insurance agent is in breach of a duty and therefore liable to its principal for failing to inspect the premises of the insured for owner-occupancy after a homeowner's policy had been issued on the premises. Although it is uncertain from the record whether a specific duty exists within normal agency practice to follow up on the owner-occupancy requirement, it is well established that an insurance agent has a duty to exercise reasonable diligence in discharging its duties to its principal. *See, e.g., Michigan Mutual Liability Co. v. Shuford & McKinnin, Inc.,* 292 F. Supp. 290 (S.D. Miss. 1968); *State Automobile & Casualty Underwriters v. Salisbury,* 27 Utah 2d 229, 494 P.2d 529 (1972); 4 G. COUCH, INSURANCE 2d § 26:343 (1960). One such duty is for an agent to devote his time and energies with that degree of diligence and attention usual among industrious businessmen engaged in a like business. *State Automobile and Casualty Underwriters v. Salisbury supra.* A breach of this duty subjects the agent to liability for resulting damages to the principal. *See, e.g, Michigan Mutual Liability Co. v. Shuford & McKinnin, Inc., supra; Benner v. Farm Bureau Mut. Ins. Co. of Idaho, Inc.,* 96 Idaho 311, 528 P.2d 193 (1974); 44 C.J.S. *Insurance* § 169 (1945).

The trial court found that although Union Mutual did not require its agents to make prior inspections of premises, Amoskeag was on notice that the insured was renovating his new premises and subsequently did nothing to determine if and when that dwelling was occupied. Amoskeag also did nothing to follow up on the insured's failure to return the homeowner's policy on the mobile home, even though that had been requested. In addition, Amoskeag's employee testified that it was his responsibility to get the correct information about the length of time for renovation, but neither then nor later did Amoskeag look into the situation regarding the owner-occupancy problem.

A determination that an agent was not sufficiently diligent is a question of fact that will not be disturbed unless it can be said that no rational trier of fact could come to the conclusion that the trial court

has reached. *Doe v. Doe*, 119 N.H. 773, 408 A.2d 785 (1979); *Starkeson v. Starkeson*, 119 N.H. 78, 397 A.2d 1043 (1979). Although there was conflicting evidence and expert opinion to the contrary in this case which the trial court was not bound to believe, the trial court's determination was reasonable and supported by the evidence. The determination therefore must stand. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 389 A.2d 429 (1978); *Doe v. Doe supra; Ballou v. Ballou*, 118 N.H. 463, 387 A.2d 1169 (1978).

■ ■ Amoskeag next argues that because the validity of the insurance policy was upheld and because RSA 407:22 requires occupancy as a condition to the policy's validity, the court must have found the premises occupied. Amoskeag reasons that because the court found the premises occupied, Amoskeag cannot be liable because liability attaches to Amoskeag only if the premises were unoccupied. Without considering the applicability of RSA 407:22 in this context, Amoskeag's argument must fail because the court specifically found in granting Union Mutual's requests that the property was not owner-occupied. In addition, neither the presence of a clause in the policy requiring owner-occupancy as a condition to its validity nor the effect of RSA 407:22 was raised by any of the parties to the litigation below. Because the question was not raised at trial, it cannot be relied upon here. *Bastianelli v. Toco Int'l, Inc.* 117 N.H. 549, 552, 375 A.2d 595, 597 (1977); *Dimock v. Lussier*, 86 N.H. 54, 163 A. 500 (1932).

*Exceptions overruled; appeal dismissed.*