**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rafael ALVAREZ, Jr.,
Defendant-Appellant.**

No. 82-7070
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 31, 1983.

Certiorari Denied April 25, 1983.
See 103 S.Ct. 1878.

---

Humberto Aguilar, Miami, Fla., for Alvarez.

William R. Favre, Jr., Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

KRAVITCH, Circuit Judge:

Luis Rodriguez, Eduardo Rodriguez, and appellant were charged with conspiring to

possess marijuana with the intent to distribute it in violation of 21 U.S.C. § 846. Luis Rodriguez and appellant were convicted, but Eduardo Rodriguez was acquitted. Luis Rodriguez was additionally charged with and convicted of possession of marijuana with the intent to distribute it.

Appellant challenges his conspiracy conviction on three grounds. First, he contends that he was denied effective assistance of counsel because both he and Eduardo Rodriguez were represented by the same attorney, and actual conflicts of interest were present. Second, he contends that the government failed to adduce substantial independent evidence of Alvarez's involvement in the conspiracy sufficient to allow the introduction of coconspirators' statements under *United States v. James,* 590 F.2d 575 (5th Cir.) (en banc), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). Appellant's final contention, although not clearly articulated in his brief, is that the evidence was insufficient to convict him. Finding no reversible error, we affirm appellant's conviction.

■ Appellant's first challenge to his conviction is based on the trial court's failure to follow Fed.R.Crim.P. 44(c) and inquire as to possible conflicts inherent in counsel's joint representation of both appellant and Eduardo Rodriguez. The conflict arose, according to appellant, because Rodriguez testified and appellant did not.

Fed.R.Crim.P. 44(c) provides:

Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of his right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.

In the instant case, the trial court neither inquired about the joint representation nor personally advised the defendants of their right to effective assistance of counsel, including separate representation.

The purpose of rule 44(c) is to avoid actual conflicts of interest in joint representation situations. The rule acts as a prophylactic to insure that any conflict problems will be resolved by the trial judge early in the course of the proceedings. One secondary goal is to minimize the number of appeals such as the present one. It cannot be gainsaid that at least one ground for this appeal would have been avoided had the lower court complied with the rule. It does not follow, however, that the mere failure to adhere to the rule, without more, constitutes reversible error.

The new Fifth Circuit in *United States v. Benavidez,* 664 F.2d 1255 (5th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 2963, 73 L.Ed.2d 1352 (1982), recently addressed this issue and held that where no actual conflict is demonstrated, the failure to follow rule 44(c) does not require reversal of the conviction. As the *Benavidez* court noted, the goal of the rule is not to promote the process of inquiry or the giving of advice but rather the avoidance of actual conflict. "If there is no actual conflict, then the rule's purpose will not be served by reversal of a conviction." *Id.* at 1258.

The failure in a particular case to conduct a rule 44(c) inquiry would not, standing alone, necessitate the reversal of a conviction of a jointly represented defendant. However, as is currently the case, a reviewing court is more likely to assume a conflict resulted from the joint representation when no inquiry or an inadequate inquiry was conducted.

Fed.R.Crim.P. 44(c) advisory committee note. Our review, therefore, must focus on the presence of any actual conflict in the joint representation.

■ Appellant argues that the conflict was present because Eduardo Rodriguez testified and appellant did not. If Rodri-

guez's testimony inculpated appellant, an actual conflict would arise. Where, however, the testimony of the codefendant is corroborative or exculpatory, no conflict arises. *See United States v. Medel*, 592 F.2d 1305, 1310 (5th Cir.1979); *United States v. Risi*, 603 F.2d 1193, 1195 (5th Cir.1979). As in *Risi*, 603 F.2d at 1195, appellant here does not allege that his codefendant's defense was in any way inimical to appellant's defense. He argues merely that he was prejudiced by Rodriguez's act of testifying. Prejudice need not be shown where an actual conflict of interest is demonstrated. *United States v. Medel*, 592 F.2d 1305, 1310 (5th Cir.1979). That Rodriguez took the stand, however, does not, without more, prove the existence of an actual conflict. We find no merit in appellant's ineffective assistance claim.

■ Appellant asserts as additional grounds for reversal that the evidence offered at trial was insufficient to allow into evidence the statements of his alleged coconspirators and further was insufficient to support his conviction of conspiracy.

■ Under *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), the trial judge must determine the admissibility of a coconspirator's statements by deciding whether the government has offered *substantial independent* evidence of a conspiracy sufficient to go to the jury. Usually this is accomplished by holding a *James* hearing out of the presence of the jury. If, after the hearing, the judge is satisfied that there is substantial independent evidence that (1) a conspiracy existed, (2) that the coconspirator and the defendant against whom the statement is to be offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy, then he may allow into evidence the statements of the coconspirator. Fed.R.Evid. 801(d)(2)(E). As an additional measure of protection, the trial judge, on appropriate motion at the conclusion of all the evidence, must determine as a factual matter whether the prosecution has established the three

facts listed above by a preponderance of the evidence. If the prosecution has failed to link the coconspirator's statements to proof of a conspiracy, the judge must determine whether a curative instruction to the jury to disregard the coconspirator's statements will correct the default or whether a mistrial is mandated. *James*, 590 F.2d at 582–83.

At the *James* hearing in the instant case, the government presented two witnesses, an Alabama narcotics agent and an informant, who both testified that the appellant was present in a Miami hotel room while the marijuana transaction was discussed. Although it was stipulated that appellant did not speak English and that neither the agent nor the informer spoke Spanish, it is clear that appellant was intimately involved in the negotiations. Through one of his codefendants, appellant told the agent to go to his (Alvarez's) car to retrieve a sample of the marijuana. As the agents negotiated with Luis Rodriguez, Luis would turn to appellant and speak to him in Spanish and appellant would reply. The two government witnesses further testified that appellant was arrested in a Mobile hotel room where he and Eduardo Rodriguez allegedly were awaiting payment for 200 pounds of marijuana that had been delivered to Mobile in appellant's car weeks earlier. We conclude there was substantial evidence independent of the coconspirators' statements to link Alvarez to the conspiracy.

The evidence adduced in the jury's presence tracked that offered at the *James* hearing. Although defense counsel did not ask the court at the close of all the evidence to reconsider its tentative decision allowing the coconspirators' statements into evidence, we nevertheless conclude that the preponderance of the evidence established the predicate facts of the existence of a conspiracy. Therefore, the judge correctly admitted the statements of appellant's coconspirators.

■ Alvarez urges us to reverse his conviction due to insufficient evidence to link him to the conspiracy. We find his arguments unpersuasive. The standard of re-

view set forth in *United States v. Bell,* 678 F.2d 547 (5th Cir.) (Unit B en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982), requires that we affirm appellant's conviction if "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Id.* at 549. Appellant's presence in Miami and Mobile at critical times and his direct participation in the Miami meeting were highly probative of his knowledge and participation in the conspiracy. *See United States v. Holder,* 652 F.2d 449 (5th Cir. 1981). Applying the *Bell* standard to the record before us, we conclude that the evidence was sufficient to support appellant's conviction, and therefore, we AFFIRM.