Derry District Court
No. 95-703

JANET CARRIER

v.

BRUCE M. MCLLARKY D/B/A ASSURED PLUMBING & HEATING

April 16, 1997

*Janet Carrier, pro se,* filed no brief.

*Bruce M. McLlarky*, by brief, *pro se*.

JOHNSON, J. The defendant, Bruce M. McLlarky d/b/a Assured Plumbing & Heating, appeals an adverse judgment by the Derry District Court (*Warhall*, J.) in a small claims matter. We reverse.

The defendant installed a replacement hot water heater in the home of the plaintiff, Janet Carrier, in September 1994. The existing water heater had been installed by a different plumber approximately four years prior to its failure. When the defendant installed the new water heater, he told the plaintiff that he believed the old unit was under warranty, and that he would try to obtain a credit against the cost of the new water heater from the manufacturer. The defendant subsequently returned the defective unit to a supplier. The defendant has not given the plaintiff the desired credit and claims that he has failed to do so because he has not received payment from the manufacturer. The plaintiff sued the defendant in small claims court for the replacement value of the water heater and assorted costs. The district court rendered judgment in favor of the plaintiff, and this appeal followed.

The district court held: "The defendant in accepting the duty of returning the unit for the benefit of his [principal], the plaintiff[,] either obtained a credit or failed to pursue a credit to the detriment of the plaintiff." We interpret the court's holding as imposing liability under a theory of breach of duty on the part of an agent. *See Nowell v. Union Mut. Fire Ins. Co.*, 119 N.H. 855, 857, 409 A.2d 784, 786 (1979) (breach of agent's duty to principal can subject him to liability for damages).

■■  We find no error in the district court's determination that the parties had entered into an agency agreement whereby "the defendant would on behalf of the plaintiff return the old water heater for credit, which the plaintiff would [recoup]," and that "[t]he defendant accepted the authority to act for the plaintiff and took the old water heater to return it to the manufacturer for credit." Whether an agency agreement has been created is a question of fact. *See* 3 AM. JUR. 2D *Agency* § 21 (1986). An agency relationship is created when a principal gives authority to another to act on his or her behalf, *Fleet Bank-N.H. v. Chain Constr. Corp.*, 138 N.H. 136, 139, 635 A.2d 1348, 1350 (1993), and the agent consents to do so. *See 93 Clearing House, Inc. v. Khoury*, 120 N.H. 346, 348-49, 415 A.2d 671, 673 (1980). The granting of authority and consent to act need not be written, but "may be implied from the parties' conduct or other evidence of intent." *Id.* at 349, 415 A.2d at 673. This court will not overturn a factual finding of the trial court unless it is unsupported by the evidence. *See In re Estate of Crowley*, 129 N.H.

557, 559, 529 A.2d 960, 961 (1987). Here, both the testimony and documentary evidence submitted by the parties support a finding that an agency agreement had been formed.

■ The question thus becomes whether there is evidence in the record to support a finding of breach. Agents have a duty to conduct the affairs of the principal with a certain level of diligence, skill, and competence. "A determination that an agent was not sufficiently diligent is a question of fact that will not be disturbed unless it can be said that no rational trier of fact could come to the conclusion that the trial court has reached." *Nowell*, 119 N.H. at 857-58, 409 A.2d at 786. We find that in this case the trial court's findings were unreasonable and unsupported by the record. *Cf. id.* at 858, 409 A.2d at 786.

■ "Under ordinary circumstances, the promise to act as an agent is interpreted as being a promise only to make reasonable efforts to accomplish the directed result." RESTATEMENT (SECOND) OF AGENCY § 377, comment *b* at 174 (1957). The court's own findings show that the defendant did make a reasonable attempt to obtain a refund for the plaintiff. Specifically, the court found that after agreeing to act on behalf of the plaintiff, "[t]he defendant then gave the old water [heater] to [a supplier] to return it to the manufacturer." The court's subsequent statement that "[t]he plaintiffs contacted the defendant numerous times regarding the credit and were told they would receive their money as soon as he received the credit," is insufficient to support a finding that the defendant breached his duty of diligence. This is especially true given that "[t]he duties of an agent toward his principal are always to be determined by the scope of the authority conferred." 3 AM. JUR. 2D *Agency* § 209; *see* RESTATEMENT (SECOND) OF AGENCY § 376. The record shows only that the defendant was charged with returning the defective water heater for a possible credit; he did not guarantee that a credit would be obtained.

In addition, the degree of skill required by an agent in pursuit of the principal's objective is limited to the level of competence which is common among those engaged in like businesses or pursuits. *See* RESTATEMENT (SECOND) OF AGENCY § 379, comment *c* at 179; 3 Am. Jur. 2d *Agency* § 215; *cf. Nowell*, 119 N.H. at 857, 409 A.2d at 786. There is no indication from the evidence on the record that more was required of the defendant in his agent capacity beyond executing the actual return and seeking the credit. The invoices and work orders provided to the court by the plaintiff do not indicate that the defendant guaranteed a refund. Rather, he merely promised to attempt to obtain a credit from the manufacturer. The invoice

drawn up by the defendant and submitted as evidence by the plaintiff stated only that a refund under a warranty may be possible. Further, the record contains a letter from a supplier stating that the defendant "acted in a normal manner as any dealer would under these circumstances," and "was right to withhold credit . . . until the factory actually covered the unit."

Furthermore, an agent cannot be held liable to the principal simply "because he failed to procure for him something to which the latter is not entitled." 3 AM. JUR. 2D *Agency* § 215. The defendant correctly argues that any finding by the court that there was a valid warranty in place is unsupported by the record. The evidence submitted regarding the existence of a warranty included only two undated sales brochures claiming that a similar unit would be covered by a five to ten-year warranty and a letter dated approximately six months after the unit was replaced noting that a warranty *currently* offered to customers was valid for five to twelve years. Notably, the plaintiff did not produce a warranty for her actual unit. No evidence in the record established that the actual heater returned by the plaintiff was in fact covered by a warranty with terms identical to those described in the sales brochures or letter. Moreover, the defendant's supplier stated in a letter that the unit in question was not covered under a valid warranty.

There is also no support in the record for the holding that the defendant failed to turn over a refund actually received from the manufacturer. As noted above, the record contains a letter from a supplier stating that "[t]echnically, the unit was out of warranty." While the court did find the defendant to be less credible than the plaintiff, there is simply no evidence on the record that the defendant *ever received the credit at all.* Hence, there is no evidence to support a finding that the defendant breached his duty to remit funds actually received on behalf of the plaintiff. *Cf.* RESTATEMENT (SECOND) OF AGENCY § 427 (agent who has received money on behalf of principal has duty to deliver it to principal on demand).

Consequently, because the district court's ruling was unsupported by the evidence, we reverse.

*Reversed.*

All concurred.