Northland v. NH Insurance et al.    CV-95-434-B   03/05/98

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


**Northland Insurance Co.**

      **v.**                                           C-95-434-B

**New Hampshire Insurance Co.;
Textile Trucking of
New Hampshire, Inc., et al.**


**MEMORANDUM AND ORDER**


New Hampshire Insurance Co. ("New Hampshire Insurance") and
Northland Insurance Co. ("Northland Insurance") issued successive
commercial automobile insurance policies on behalf of Textile
Trucking of New Hampshire, Inc. ("Textile Trucking"). Following
a collision between one of Textile Trucking's vehicles and a
bicyclist, Textile Trucking made demands on both policies for
coverage against any liability resulting from the collision.

Northland Insurance brought this declaratory judgment
action, pursuant to 28 U.S.C.A. § 1332 (West 1993) and 28
U.S.C.A. §§ 2201 and 2202 (West 1994), seeking a determination of
which insurer, if either, owes coverage to Textile Trucking. New
Hampshire Insurance now moves for partial summary judgment,
asking the court to rule that an endorsement attached to its

policy did not extend coverage to Textile Trucking after the policy's expiration date, which had passed by the time of the collision.

While not disputing the assertion New Hampshire Insurance makes in its motion, Textile Trucking has nevertheless filed an objection. Because this objection is in substance a cross-motion for summary judgment, I shall treat it as such. Textile Trucking argues that because of its reliance on certain actions of the Elliot Insurance Agency ("Elliot Insurance") (New Hampshire Insurance's putative agent) and New Hampshire Insurance itself, the court should conclude that coverage did exist through the time of the collision. For the reasons that follow, I grant New Hampshire Insurance's motion for partial summary judgment. I conclude, however, that genuine issues of material fact remain in dispute as to Textile Trucking's claims. Accordingly, I cannot grant Textile Trucking the relief it desires.

## I. FACTS

Textile Trucking, using Elliot Insurance as its insurance broker, secured a commercial automobile insurance policy from New Hampshire Insurance in 1993. The policy covered the period from August 31, 1993, to August 31, 1994, and provided coverage for

five Textile Trucking vehicles, including the vehicle involved in the collision that gave rise to the current dispute.

Attached to the policy was a cancellation and nonrenewal endorsement that had the effect of renewing the policy upon its expiration unless New Hampshire Insurance took certain actions to prevent renewal. To prevent renewal, New Hampshire Insurance had to provide Textile Trucking with notice of nonrenewal sixty days prior to the policy's expiration, except where, inter alia: (1) New Hampshire Insurance manifested a "willingness to renew;" (2) New Hampshire Insurance refused to renew "due to [Textile Trucking's] non-payment of premium;" or (3) Textile Trucking failed to pay "any advance premium required by [New Hampshire Insurance] for . . . renewal."

It is undisputed that in June 1994, New Hampshire Insurance sent Textile Trucking two expiration notices, advising the insured of New Hampshire Insurance's willingness to renew its policy upon the payment of a specified premium by August 31, 1994. Nor do the parties dispute that by the express terms of the nonrenewal endorsement and the June 1994 expiration notices, Textile Trucking had to remit the specified premium payment by August 31, 1994, to maintain coverage under the New Hampshire Insurance policy.

3

Textile Trucking alleges, however, that subsequent to its receipt of the June 1994 notices, Elliot Insurance informed Textile Trucking that there was a thirty-day "grace period" between the renewal payment due date and the date coverage would actually lapse. Textile Trucking also claims it believed that it could defer payment for an additional thirty days based on New Hampshire Insurance's practice in other cases of providing an additional notice of cancellation and an additional thirty days in which to make the renewal payment. Claiming that it relied on Elliot Insurance's representations and New Hampshire Insurance's practice in other cases, Textile Trucking did not make the renewal payment by September 30, 1994.

On September 15, 1994, acting through Elliot Insurance, Textile Trucking secured a commercial automobile insurance policy from Northland Insurance. The policy covered the period from September 1, 1994, to September 1, 1995, and provided coverage for four Textile Trucking vehicles, not including the vehicle involved in the collision at issue. Textile Trucking alleges, however, that Elliot Insurance entered the wrong policy start date and that Textile Trucking intended the policy's coverage to begin on October 1, 1994.

On September 21, 1994, a Mack truck driven by a Textile Trucking employee collided with a bicyclist in Charlestown, Massachusetts. The bicyclist suffered serious injuries and brought suit against Textile Trucking in Massachusetts state court. Subsequently, Textile Trucking made demands on both New Hampshire Insurance and Northland Insurance for coverage against any liability resulting from the Massachusetts suit. Northland Insurance then filed this declaratory judgment action.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Lehman v. Prudential Ins. Co. of America, 74 F.3d 323, 327 (1st Cir. 1996). A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] . . . may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A "material" fact is one that "affect[s] the outcome of the suit." Id. at 248.

5

In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the non-movant and determines whether the moving party is entitled to judgment as a matter of law. See Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). Where the moving party bears the burden of persuasion at trial, the movant must support its position with materials of evidentiary quality. See Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 n.1 (1st Cir. 1994). Further, "[The] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991).

Because this case arises in diversity, I must apply New Hampshire's substantive law. See Mottolo v. Fireman's Fund Ins. Co., 43 F.3d 723, 726 n.2 (1st Cir. 1995) (a federal court sitting in diversity must apply the substantive law that would be applied by the state in which it sits).


III. **DISCUSSION**

A. **New Hampshire Insurance's Motion**

New Hampshire Insurance asserts that it took sufficient steps -- pursuant to the express terms of the nonrenewal

endorsement -- to prevent the endorsement from extending coverage past August 31, 1994, the policy's expiration date.  Specifically, New Hampshire Insurance claims that it advised Textile Trucking that its coverage would not be renewed unless it paid the specified premium by August 31, 1994.  Textile Trucking does not dispute this claim, conceding that in June 1994, it twice received such notice.

Consequently, I grant New Hampshire Insurance's motion for partial summary judgment as to the limited issue of whether the nonrenewal endorsement operated to extend coverage to Textile Trucking after the policy's expiration date.  As a matter of law, the endorsement at issue, by itself, did not extend coverage past August 31, 1994.  See Lehman, 74 F.3d at 327.

## B.    **Textile Trucking's Motion**

Textile Trucking contends, however, that because of its reliance on Elliot Insurance's representations and New Hampshire Insurance's past practices concerning coverage, I should rule that coverage existed at least through September 30, 1994.  Such claims sound in equity and, specifically, in equitable estoppel.

Equitable estoppel is a doctrine that "forbid[s] one to speak against his own acts, representations, or commitments to the injury of one to whom they were directed and who reasonably

7

relied thereon." Great Lakes Aircraft Co. v. City of Claremont, 135 N.H. 270, 290 (1992). In other words, a "wrongdoer may be estopped from making assertions, even if true, which are contrary to acts and representations previously made." Id. Thus, as Textile Trucking asserts, an insurer can be estopped from applying the terms of a contract to deny an insured coverage in light of the insurer's prior representations and actions to the contrary. See Olszak v. Peerless Ins. Co., 119 N.H. 686, 690-91 (1979), cited in Great Lakes Aircraft Co., 135 N.H. at 290.

The four essential elements of equitable estoppel are: (1) a representation of material facts made by a party with knowledge of their falsity; (2) ignorance of the truth of the matter on the part of the party to whom the representation was made; (3) the intention on the part of the first party that the second party should act upon the representation; and (4) the detrimental reliance of the second party on the representation. See Hawthorne Trust v. Maine Sav. Bank, 136 N.H. 533, 538 (1992). The party asserting a claim of equitable estoppel has the burden of proof as to each of these elements. See Healey v. Town of New Durham Zoning Bd. of Adjustment, 140 N.H. 232, 240 (1995).

Here, Textile Trucking is both the party moving for summary judgment and the party that would bear the burden of proving an

8

equitable estoppel claim at trial. Thus, to receive relief on such a claim at summary judgment, Textile Trucking must introduce evidence as to each element of its claim sufficient to demonstrate that no reasonable fact finder could find other than for Textile Trucking. Using this standard, I examine Textile Trucking's contention that because it relied to its detriment on Elliot Insurance's representations and New Hampshire Insurance's past practices concerning coverage, New Hampshire Insurance should now be estopped from denying coverage. I look at each claim of reliance in turn.

1. <u>Reliance on Elliot Insurance's Representations</u>

Textile Trucking claims Elliot Insurance represented that there was a thirty-day grace period between the renewal payment due date of August 31, 1994, and the date coverage would actually lapse, here purportedly on September 30, 1994. Textile Trucking asserts that because it reasonably relied to its detriment on the existence of coverage during this period and because Elliot Insurance was acting as New Hampshire Insurance's agent, New Hampshire Insurance should be estopped from denying Textile Trucking coverage against liability that arose during the grace period.

I cannot grant the relief requested, however, because Textile Trucking has not supported its assertion with materials of evidentiary quality sufficient to demonstrate that no reasonable fact finder could find other than for Textile Trucking. See Lopez, 938 F.2d at 1516; see also LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (quoting Anderson, 477 U.S. at 256) (a party cannot meet its summary judgment burden by merely resting on the allegations contained in its complaint).

Textile Trucking's showing is deficient as to at least two of the elements needed to sustain a claim of equitable estoppel. First, it has not submitted any evidence tending to prove either that Elliot Insurance actually made any representations about the existence of a grace period or that New Hampshire Insurance was Elliot Insurance's principal and, therefore, that a court could properly charge New Hampshire Insurance with having made the representation at issue. See Hodge v. Allstate Ins. Co., 130 N.H. 743, 745-46 (1988) (where a principal-agent relationship is shown to exist, an agent's knowledge may be imputed to the principal for the purpose of applying equitable estoppel against the principal); see also Carrier v. McLlarky, 141 N.H. 738, 739 (1997) (whether an agency agreement exists is a question of

fact).

Second, Textile Trucking has not introduced any evidence tending to show that it actually relied on Elliot Insurance's representation. Viewing the facts in the light most favorable to New Hampshire Insurance, the non-movant, and absent an affidavit to the contrary, it is entirely possible to conclude from the evidence either that Textile Trucking decided to let its coverage lapse for a month or that it agreed its new insurer would begin providing liability coverage as of September 1, 1994, the date by which the New Hampshire Insurance policy would expire. Thus, because I am unable to say that no reasonable fact finder could find other than for Textile Trucking, I cannot grant summary judgment on its behalf.

2. Reliance on New Hampshire Insurance's Past Practices

Textile Trucking also claims that upon the failure of an insured to make a required renewal payment, before canceling coverage, New Hampshire Insurance had the practice of providing notice of cancellation, reminding the insured that it had thirty days from the policy expiration date in which to remit the required renewal payment. Textile Trucking claims that it did not receive such a reminder on this occasion and that, as a result, it did not make the renewal payment within thirty days of

11

the policy's expiration date -- i.e., by September 30, 1994. Textile Trucking asserts that because it reasonably relied to its detriment on New Hampshire Insurance's practice of sending a reminder, New Hampshire Insurance should be estopped from denying Textile Trucking coverage against liability that arose prior to the end of September 1994.

While an insured's reasonable reliance on an insurer's past practices can support a claim of equitable estoppel, see Boyce v. Concord Gen. Mut. Ins. Co., 121 N.H. 774, 780 (1981), in the instant case, I am unable to grant Textile Trucking's request for relief. Textile Trucking has failed to support its claim with materials of evidentiary quality sufficient to demonstrate that no reasonable fact finder could find other than for Textile Trucking. See LeBlanc, 6 F.3d at 841; Lopez, 938 F.2d at 1516.

As with its claim regarding Elliot Insurance's representations, Textile Trucking's showing regarding this claim is also deficient as to at least two of the elements needed to sustain a claim of equitable estoppel. First, it has not submitted any evidence tending to prove that New Hampshire Insurance actually engaged in the practice of sending out cancellation reminders. Second, Textile Trucking has not introduced any evidence tending to show that it actually relied

12

on such a practice in this instance.  As stated above, viewing the facts in the light most favorable to New Hampshire Insurance and absent an affidavit to the contrary, it is entirely possible to conclude from the evidence either that Textile Trucking decided to let its coverage lapse for a month or that it agreed its new insurer would begin providing liability coverage as of September 1, 1994, the date by which the New Hampshire Insurance policy would expire.  Thus, because I am unable to say that no reasonable fact finder could find other than for Textile Trucking, I cannot grant summary judgment on its behalf.[1]

## IV.  CONCLUSION

For the foregoing reasons, I grant New Hampshire Insurance's motion for partial summary judgment, ruling that, as a matter of law, the endorsement at issue did not extend New Hampshire Insurance's obligation to provide coverage to Textile Trucking past the policy's August 31, 1994 expiration date.  I deny,

---

[1]  In its objection, Textile Trucking also asserts that because New Hampshire Insurance did not notify the Interstate Commerce Commission of its decision to cancel Textile Trucking's policy until September 27, 1994, coverage continued under the policy at least through the date of the collision.  Because such an assertion is not the subject of the instant motion for partial summary judgment and because neither party has adequately briefed the subject, I do not address it herein.

however, the relief that Textile Trucking requests in its objection, concluding that genuine issues of material fact remain in dispute.

    SO ORDERED.


                                   _____
                                   Paul Barbadoro
                                   Chief Judge

March 5, 1998

cc:  Russell Hilliard, Esq.
     Roger Phillips, Esq.
     Andrew Dunn, Esq.
     R. Matthew Cairns, Esq.
     Ira Lipsius, Esq.