Rockingham
No. 95-646

THE STATE OF NEW HAMPSHIRE

v.

KEITH MOUNTJOY

March 18, 1998

*Jeffrey R. Howard*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Keith Mountjoy, appeals an order of the Superior Court (McHugh, J.), denying his motion to set aside

guilty verdicts for aggravated felonious sexual assault, *see* RSA 632-A:2, III (1986) (amended 1992, 1994, 1995, 1997), and burglary, see RSA 635:1 (1996). The defendant argues that the trial court erred when it failed to conduct a pretrial inquiry to secure, on the record, the defendant's informed consent to representation by his attorney who had a potential conflict of interest. *See Hopps v. State Board of Parole*, 127 N.H. 133, 140, 500 A.2d 355, 359 (1985). We affirm.

The defendant was indicted for burglary and aggravated felonious sexual assault. In the defendant's first and second trials, the jury deadlocked on both indictments. In the defendant's third trial, the jury returned verdicts of guilty on both indictments, and the defendant was sentenced to the New Hampshire State Prison for a term of fifteen to thirty years.

Prior to the commencement of the defendant's third trial, defense counsel informed the trial judge that he had undertaken representation of a State's witness in an unrelated matter. The defendant's trial counsel testified that his representation of the State's witness was brought to the trial court's attention during an in-chambers conference at which the trial court was inquiring whether there were, in general, any problems or anticipated problems in the case. The defendant's trial counsel explained to the trial judge that he had informed the defendant of this other representation, and that the defendant consented to his continued legal representation. Neither defense counsel nor State's counsel believed that there was a conflict of interest, and the defendant did not object at trial to the representation. No record was made of this in-chambers conference. The defendant was not present. Although the defendant claimed post-trial that his attorney never informed him of the other representation, the trial judge specifically found to the contrary.

After his conviction, the defendant moved to set aside the verdicts based on, *inter alia*, (1) ineffective assistance of counsel because his trial counsel had an actual conflict of interest, and (2) the trial judge's failure to hold a hearing pursuant to *Hopps* to determine whether the defendant waived his right to conflict-free counsel. *Hopps*, 127 N.H. at 140, 500 A.2d at 359. The trial court denied the defendant's motion. This appeal followed.

The defendant argues that we should reverse his convictions because the trial court failed to comply with the rule we established in *Hopps*. This case involves an alleged conflict of interest in an attorney's simultaneous representation of a defendant and a State's witness. The defendant argues that he was entitled to a *Hopps*-type

inquiry when the trial court was made aware of this situation prior to trial. We agree.

In *Hopps*, because of the great risk of conflict of interest in simultaneous representation of codefendants, we established, pursuant to our supervisory authority, a rule that requires trial courts to conduct an inquiry, on the record, to ensure that counsel has investigated with the defendants the possibility of conflict of interest between the lawyer and clients. *Id.* at 139-40, 500 A.2d at 359. While this case does not involve dual representation of codefendants, it does involve the potential for a conflict of interest, revealed to the court pretrial, where defense counsel was also representing a State's witness in an unrelated case. We recognize a similar risk of conflict in such dual representation. *Cf. Commonwealth v. Hodge*, 434 N.E.2d 1246, 1248 (Mass. 1982).

Thus, our reasons for establishing the *Hopps* rule in codefendant cases are equally applicable here. The goal of the *Hopps* inquiry is to prevent conflicts. *See Hopps*, 127 N.H. at 139-40, 500 A.2d at 359. It is prophylactic in nature. *Cf. id.; United States v. Crespo de Llano*, 838 F.2d 1006, 1013 (9th Cir. 1987) (describing Federal Rule of Criminal Procedure 44(c), which requires a pretrial inquiry to investigate joint representation of codefendants, as "prophylactic" in nature); *United States v. Alvarez*, 696 F.2d 1307, 1309 (11th Cir.), *cert. denied*, 461 U.S. 907 (1983); *United States v. Benavidez*, 664 F.2d 1255, 1258-59 (5th Cir.), *cert. denied*, 457 U.S. 1121, 1135 (1982). "Such a procedure [of obtaining a client's informed consent to simultaneous representation on the record] would tend to eliminate problems before trial, and would lessen the likelihood of protracted post-trial collateral proceedings . . . ." *Hopps*, 127 N.H. at 140, 500 A.2d at 359.

The State argues that "[t]here was nothing about the circumstances of this case that should have prompted the court to initiate an investigation into a possible conflict of interest." We conclude, however, that the disclosure of the potential for conflict to the judge, regardless of whether the defense attorney or the State's attorney believed there was an actual conflict, was sufficient to have prompted an inquiry by the court. We further note that it is in the State's best interest to have the trial judge conduct a *Hopps* inquiry when the potential for conflict arises. *Cf. Smith v. Anderson*, 689 F.2d 59, 65 (6th Cir. 1982) ("The imposition upon the state, which is not heavy when [a potential conflict of interest] may be judicially remedied . . . increases dramatically once the trial has occurred and appellate or post conviction remedial vehicles are the forum for conflict claims.").

■ We therefore hold, pursuant to our supervisory authority, that when a trial court, as in this case, is made aware of any potential for, or actual, conflict of interest in which a defense attorney concurrently represents a defendant and a State's witness, it is required to conduct an inquiry on the record to investigate the extent of the conflict.

This conclusion, however, does not end the inquiry. The defendant further argues that he is entitled to a reversal of his convictions based upon the failure of the trial court to conduct a *Hopps* inquiry and secure the defendant's waiver of conflict-free counsel. We disagree with the defendant's assertion that *Holloway v. Arkansas*, 435 U.S. 475 (1978), and *Hopps* require automatic reversal for noncompliance. *Holloway* is inapplicable because it recognizes that automatic reversal is mandated "whenever a trial court improperly requires joint representation [of codefendants] over timely objection." *Holloway*, 435 U.S. at 488. *Hopps* is silent on the issue. *See Hopps*, 127 N.H. at 140, 500 A.2d at 359. Reason dictates that automatic reversal is not the appropriate remedy here. We are persuaded by the rationale in *United States v. Mers*, 701 F.2d 1321, 1324-26 (11th Cir.), *cert. denied*, 464 U.S. 991 (1983). In *Mers*, the court considered Federal Rule of Criminal Procedure 44(c), which requires a pretrial inquiry by the trial court in cases of joint representation of codefendants, and stated: "It would be the height of formalism to reverse a conviction because of literal noncompliance with a procedural rule when the evil that the rule has been designed to prevent has never occurred." *Id.* at 1326; *see also Benavidez*, 664 F.2d at 1258; *Alvarez*, 696 F.2d at 1309; *United States v. Burney*, 756 F.2d 787, 791 (10th Cir. 1985); *Crespo de Llano*, 838 F.2d at 1013.

Moreover, the *Hopps* inquiry itself is not constitutionally mandated. *See Hopps*, 127 N.H. at 139, 500 A.2d at 359. Rather, it is designed to prevent avoidable post-trial collateral proceedings alleging ineffective assistance of counsel based upon a conflict of interest. *See id.* at 140, 500 A.2d at 359. Accordingly, we hold that the failure of the trial court to conduct a *Hopps*-type inquiry does not itself entitle the defendant to a reversal. The failure merely requires this court to address a defendant's claim that he was denied the effective assistance of counsel because of a conflict of interest.

Our State constitutional standards are identical to their federal counterparts on this issue. *Id.* at 135, 500 A.2d at 356. In a case in which a defendant fails to object at trial to an attorney's dual representation of codefendants, we have stated that the remedy available is that established under *Cuyler v. Sullivan*, 446 U.S. 335,

349-50 (1980). *See Hopps*, 127 N.H. at 136, 500 A.2d at 356; *cf. Holloway*, 435 U.S. at 484 (noting automatic reversal is remedy where, over objection, trial court improperly requires joint representation of codefendants). We have also held that the *Cuyler* standard applies in other conflicts situations outside the context of simultaneous representation of codefendants. *State v. Cyrs*, 129 N.H. 497, 501-02, 529 A.2d 947, 950 (1987) (defense attorney target of same criminal investigation as defendant); *see also Porter v. Singletary*, 14 F.3d 554, 560 (11th Cir.), *cert. denied*, 513 U.S. 1009 (1994) (applying *Cuyler* test where defense counsel concurrently represented government's witness). Accordingly, we apply that standard here.

Under *Cuyler*, in order to obtain relief, the defendant "must establish [post-trial] that an actual conflict of interest adversely affected his lawyer's performance." *Hopps*, 127 N.H. at 136, 500 A.2d at 356 (quotations omitted). This standard requires proof of both "(a) some plausible alternative defense strategy or tactic that trial counsel might have pursued; and (b) an inherent conflict between that alternative defense and other demands and interests arising from counsel's representation of another person." *Id.* at 136, 500 A.2d at 357; *see State v. Guaraldi*, 127 N.H. 303, 309-10, 500 A.2d 360, 365 (1985). "A defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Hopps*, 127 N.H. at 136, 500 A.2d at 356 (quotations and brackets omitted).

■ Our inquiry here is whether the defendant's trial counsel was operating under an actual conflict of interest, based upon his simultaneous representation of a State's witness, which adversely affected his trial performance. *Cf. id.* In his amended motion to the trial court to set aside his guilty verdict, the defendant raised, *inter alia*, a claim of ineffective assistance of counsel based upon an actual conflict of interest. The trial court denied the motion, finding that no actual conflict of interest existed. Although the defendant raised in his notice of appeal the issue of whether the trial court should have granted his motion for a new trial on the grounds that his attorney had an actual conflict of interest, he did not brief that issue before this court. Instead, he proceeded in his brief and at oral argument on the *Hopps* issue alone and mentioned the conflict of interest issue only to argue that a *Hopps* inquiry was required to afford the defendant the opportunity to waive the potential conflict. "[I]ssues raised in the notice of appeal but not briefed are deemed waived." *Brown v. Bonnin*, 132 N.H. 488, 491, 566 A.2d 1149, 1151 (1989).

The defendant's reliance on *Wood v. Georgia*, 450 U.S. 261 (1981), is also of no avail. *Wood* involved a potential conflict of interest created by the fact that the defendants' attorney was being paid by the defendants' employer. *Id.* at 266, 268, 272. The Supreme Court raised the issue, *sua sponte*, of the potential conflict of interest inherent in this arrangement. *See id.* at 264-65. Finding that the trial court had a "duty . . . to recognize the possibility of a disqualifying conflict of interest," *id.* at 272, the Supreme Court remanded to the trial court to determine whether a conflict of interest actually existed at the time of, or before, the defendants' probation revocation, *id.* at 273. Unlike *Wood*, the trial court here addressed post-trial the issue of actual conflict. *Cf. State v. James*, 433 S.E.2d 755, 759 (N.C. App. 1993) (noting ordinary course to remand for *Cuyler* analysis, but finding no need to remand where record clearly shows adverse effect). The defendant does not challenge, independent of the *Hopps* issue, the trial court's finding that no actual conflict of interest existed. Thus, we deem that issue waived and do not consider whether the particular circumstances in this case presented an actual conflict of interest.

*Affirmed.*

All concurred.