Derry District Court
No. 98-772

CHARLES FASSI AND JODIE FASSI

v.

AUTO WHOLESALERS OF HOOKSETT

November 17, 2000

*Charles Fassi* and *Jodie Fassi, pro se,* on the brief.

*John Kelly,* owner, on the brief, and *Diane George,* authorized representative of Auto Wholesalers of Hooksett, orally, for the defendant.

BRODERICK, J. The defendant, Auto Wholesalers of Hooksett, appeals from a decision of the Derry District Court (*Warhall,* J.) awarding the plaintiffs, Charles and Jodie Fassi, $2,390.85 in damages, costs, and interest arising from their purchase of a used automobile. We affirm.

As an initial matter, it is unclear from the record whether the district court judgment applies to John Kelly as an individual. The small claims complaint named "Auto Wholesalers of Hoo[k]sett" and "John Kelly, owner." Because this issue is not raised on appeal, however, we offer no opinion on whether the district court's judgment binds John Kelly as an individual.

I

The following evidence was presented at trial. On July 18, 1998, the plaintiffs purchased a 1994 Mercury Villager from the defendant. On the bill of sale, the handwritten phrase "30 DAY 1000 Mile Safety Items" appeared in the preprinted section captioned "TYPE OF GUARANTEE." Before they purchased the vehicle, the plaintiffs were told by a salesperson that they could have their own mechanic examine it within thirty days after the purchase and if a problem were discovered, the defendant would "take care of it." They were also assured that the defendant would repair a vibration discovered during the test drive.

The plaintiffs took possession of the vehicle in late July 1998, and noticed several problems with the car, including the same vibration the salesperson had promised to have repaired. The following day, they told the defendant that they wanted to rescind their purchase and retrieve the car they traded in. The defendant promised to make the necessary repairs but delayed in doing so. While waiting for the repairs to be done, the plaintiffs had the car inspected by a mechanic within thirty days of the purchase. As a result of the inspection, the plaintiffs learned that the vehicle's fuel pump was the source of the vibration, and that both the transmission and fuel pump were faulty.

The defendant thereafter made some repairs but refused to fix the fuel pump or transmission, explaining that those items were not

covered under its warranty. The plaintiffs had the fuel pump repaired at a cost of $327.65, and obtained an estimate of $2,000 for repair of the transmission. They subsequently filed a small claims complaint in district court alleging breach of contract. After a trial, the district court awarded them $2,390.85 in damages, costs, and interest. The defendant appealed.

## II

The defendant first argues that the trial court's judgment in favor of the plaintiffs violated Part I, Article 14 of the New Hampshire Constitution by providing them coverage beyond the warranty purchased with the vehicle and awarding them damages for possible future repairs. It asserts that the warranty for the Villager covered only State safety inspection items, constituted a proper limited warranty under the Uniform Commercial Code (UCC), and did not extend to transmission repair. We need not decide whether the defendant's constitutional rights under Part I, Article 14 of the State Constitution were violated because the evidence in this case indicates that the damages awarded were consistent with the warranty extended by the defendant.

"Under the Uniform Commercial Code, express warranties can be created by promises or affirmations of fact which relate to the goods and become part of the contractual bargain." *Xerox Corp. v. Hawkes*, 124 N.H. 610, 616, 475 A.2d 7, 9 (1984); *see* RSA 382-A:2-313(1)(a) (1994). Absent a valid disclaimer or limitation, an express warranty attaches to the goods that are the subject of the sale, *H.G. Fischer X-Ray Company, Inc. v. Meredith*, 121 N.H. 707, 710, 433 A.2d 1306, 1308 (1981), and a breach of it gives rise to a cause of action for damages, *Xerox Corp.*, 124 N.H. at 616, 475 A.2d at 9; *see* RSA 382-A:2-714 (1994).

In this case, the defendant does not dispute the content of its salesperson's representations to the plaintiffs. The meaning of a statement as a contract term between parties is a question of fact, *see Werner v. Montana*, 117 N.H. 721, 727, 378 A.2d 1130, 1134 (1977), which we will not overturn unless "no rational trier of fact could come to the conclusion that the trial court has reached," *Carrier v. McLlarky*, 141 N.H. 738, 739-40, 693 A.2d 76, 78 (1997) (quotation omitted).

The evidence supports a finding that the salesperson provided an express warranty that the defendant would repair *any* problem discovered by an independent mechanic's examination within thirty

days of the sale. *Cf. Werner*, 117 N.H. at 726, 378 A.2d at 1133 (creation of express warranty). We conclude, therefore, that the trial court could have reasonably found that the defendant provided the plaintiffs with a warranty that covered faulty items discovered by the plaintiffs' mechanic within thirty days of the sale, which includes the faulty fuel pump and transmission.

We reject the defendant's contention that the phrase "30 DAY 1000 Mile Safety Items" on the bill of sale constituted a limited warranty covering only items that appeared on its 56-point checklist for State safety inspections. There is no evidence that the defendant showed this checklist to the plaintiffs or otherwise explained the warranty in this manner. Indeed, it appears that the salesperson's statements were the only explanation of the vehicle's warranty. We also reject the defendant's argument under RSA 382-A:2-316(3)(a) because this provision only applies to implied warranties.

## III

The defendant next argues that the district court should not have awarded damages for transmission repair because there was no evidence that the car was not "roadworthy" absent such repair. In so arguing, it relies on evidence establishing that the plaintiffs had driven the car approximately 5,000 miles without having the transmission repaired. The argument fails, however, because the defendant provided the plaintiffs an express warranty for such problems if discovered as a result of an independent mechanic's inspection. Such was the case here.

The defendant also contends that because the district court did not require the plaintiffs to use the damage award to repair the vehicle's transmission, its judgment created a windfall for the plaintiffs. This argument lacks merit. The judgment placed the plaintiffs in the position they would have enjoyed had the defendant fully performed the contract. *See* RSA 382-A:2-714(2). While the plaintiffs may be able to operate the vehicle with a faulty transmission, the evidence shows that it will cost them an estimated $2,000 to satisfy the warranty for which they bargained. *See id.* The remaining damage award, $390.85, was associated with out-of-pocket expenses for the fuel pump repair and also included costs and interest.

Finally, we do not address the remaining arguments raised in the notice of appeal because the defendant failed to brief them. *See State v. Mountjoy*, 142 N.H. 648, 652, 708 A.2d 682, 685 (1998).

*Affirmed.*

BROCK, C.J., and HORTON, NADEAU, and DALIANIS, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.