Hillsborough
No. 6848

RACHEL DUVAL v. HENRY DUVAL

June 28, 1974

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney *(Mr. Smith* orally), for the New Hampshire Department of Probation.

*Sullivan, Gregg & Horton* and *Judd Gregg (Mr. Gregg* orally) for the defendant.

KENISON, C.J. The sole issue presented by this case is whether a defendant is entitled to the assistance of counsel in a nonsupport contempt hearing because he may be subjected to imprisonment for his failure to comply with the support order.

On December 1, 1969, the parties obtained a decree of divorce which required the defendant to pay support for his minor children in the amount of $40 per week through the New Hampshire Department of Probation. On June 24, 1970, the department filed notice of violation of order in Hillsborough County Superior Court alleging arrearage in the amount of $1070. On July 23, 1970, the court found the defendant in contempt and ordered him to pay forthwith $150 or stand committed. It also ordered an increase in the regular weekly payments by $10 to eliminate the arrearage. On June 12, 1973, the department again filed a notice of violation of order in the Hillsborough County Superior Court. After a hearing on September 17, 1973, the court found the defendant, who was not

represented by counsel, in contempt with an arrearage amounting to $5840. It ordered the defendant to pay $500 on or before December 1, 1973 or a writ of mittimus to issue at the call of the department for confinement in the county jail and required the defendant to continue the weekly payments. On November 2, 1973, the defendant retained counsel and filed a motion to set aside the September 17, 1973 order on the ground that the defendant had been improperly denied his right to counsel under the State and Federal Constitutions. The Court *(Cann,* J.) denied the motion and reserved and transferred the defendant's exception thereto. On December 5, 1973, the department requested that a writ of mittimus issue for failure to comply. Upon the defendant's motion, the court stayed execution of the September 17, 1973 order pending appeal.

The defendant argues that the Supreme Court recognized in *Argersinger v. Hamlin,* 407 U.S. 25 (1972), the right to counsel in any criminal proceeding where a defendant may be imprisoned if convicted and urges that this right should be extended to a civil contempt proceeding where the possibility exists that a defendant may likewise be imprisoned for his failure to comply with an order of the court. *See Powell v. Alabama,* 287 U.S. 45, 68-69 (1932). The defendant contends in essence that the reasoning of *Argersinger* is applicable to the present case and stresses that it would be improper to distinguish a civil proceeding from a criminal proceeding where the outcome of either may result in imprisonment. *See Mills v. Howard,* 109 R.I. 25, 280 A.2d 101 (1971). *See also Commonwealth v. Hendrick,* 220 Pa. Super. 225, 283 A.2d 722 (1971). The defendant also takes the position that since N.H. Const. pt. I, art. 15 states that "Every person held to answer any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the State if need is shown," he should be entitled to counsel because civil contempt is an "offense punishable by deprivation of liberty."

The State responds by emphasizing that *Argersinger* is limited to criminal proceedings and points out that the Supreme Court indicated its reluctance to extend the reasoning of that case to civil proceedings in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). In *Gagnon* the Court held that due process required that a probationer be given the right to counsel in a revocation hearing only where the issues were so complex that it would be difficult for him to present his case. The State suggests that the issues in a nonsupport contempt hearing involve questions of the financial capability of the defendant to meet his obligations and do not involve complicated issues requiring the assistance of counsel. However, in the alternative, the State urges that if this court should determine that the availability of counsel was desirable for protecting the rights of a defendant, then it should be granted only in those situations where legal assistance was necessary for a fair presentation of the issues.

A civil contempt action arises from a private wrong in which the defendant causes harm to the plaintiff by his failure to comply with a court order. Its purpose is to use the court's power to impose fines or imprisonment as a method of coercing the defendant into compliance. The defendant is given the choice of either performing the requisite act or paying the penalty. In effect, the defendant carries "the keys of [his] prison in [his] own pocket." *In re Nevitt*, 117 F. 448, 461 (8th Cir. 1902); *see Shillitani v. United States*, 384 U.S. 364, 368 (1966). A criminal contempt action, on the other hand, occurs as a result of a defendant's interference with the court's process or dignity. This interference is characterized as a criminal or public wrong, and the imposition of a fine or imprisonment is punitive, rather than remedial in nature. D. Dobbs, Remedies 93, 96-98 (1973); *see* H. Clark, Jr., Law of Domestic Relations 468-69 (1968); Houle & Dubose, *The Nonsupport Contempt Hearing: Constitutional and Statutory Requirements*, 14 N.H.B.J. 165, 166-68 (1973); Annot., 52 A.L.R.3d 1003, § 3 (1973).

Given this distinction, it is apparent that the sixth amendment right to counsel as set forth in *Argersinger* is inap-

plicable to a civil contempt action because that right is confined to criminal proceedings. Likewise, the right to counsel guaranteed by N.H. CONST. pt. I, art. 15 is not controlling because the record of the 1964 constitutional convention makes clear that the term "offense" refers to public, not private wrongs. *See* Jour. N.H. Const. Conv. 177-82 (1964). Accordingly, if there is a right to counsel in a civil contempt action, its source must be found in the due process clause of the fourteenth amendment.

In *Gagnon v. Scarpelli,* 411 U.S. 778, 788-91 (1973), it was held that in view of the flexible nature of due process, the right to counsel in a proceeding involving the deprivation of liberty would not be established as a matter of law. Rather, the Court indicated that the availability of this right would be decided on a case-by-case basis and would depend on various factors such as the capability of a defendant to speak for himself, the character of the proceeding and the complexity of the issues. In the Court's view due process does not require the right to counsel in every instance where the possibility of incarceration exists, but depends instead on circumstances which show that the defendant would be treated unfairly if the assistance of counsel were not provided. *See also Morrissey v. Brewer,* 408 U.S. 471, 481-89 (1972); *Argersinger v. Hamlin,* 407 U.S. 25, 44-66 (1972) (Powell, J. concurring).

In some nonsupport contempt cases, which are not routine in nature, there may be issues of sufficient complexity so as to require the defendant to be assisted by counsel for a competent presentation of their merits. Questions such as whether the defendant had a reasonable opportunity to present his case in prior proceedings or whether he has available certain defenses such as res judicata or the statute of limitations could baffle and confuse persons who are inexperienced in the law, and it would be unfair to deny such persons the benefit of counsel if they were unable to retain a lawyer because of their financial condition. *Mills v. Howard,* 109 R.I. 25, 28, 280 A.2d 101, 103 (1971); Houle & Dubose, *The Nonsupport Contempt Hearing: Constitutional and Statutory Requirements,* 14 N.H.B.J.

165 (1973); *cf.* Catz & Kuelbs, *The Requirement of Appointment of Counsel for Indigent Parents in Neglect or Termination Proceedings: A Developing Area,* 13 J. of Fam. L. 223, 224-33 (1973); 4 Colum. Human Rights L. Rev. 451 (1972); 49 Ind. L.J. 167 (1973).

We hold that the trial court may in its discretion appoint counsel to assist an indigent defendant to present his case in a complicated nonsupport contempt hearing. However, in view of the fact that there is no transcript of the contempt hearing to reveal whether the issues presented below were of a complex nature or whether the defendant was without resources to obtain adequate representation without substantial hardship to himself or his family, we are unable to determine whether counsel should have been appointed in these proceedings. Accordingly, without intimating any opinion as to the merits of the defendant's case, we remand the case for consideration of these issues.

*Remanded.*

All concurred.