Kenneth E. WILSON, Plaintiff,
Appellant,

v.

STATE OF NEW HAMPSHIRE,
et al., Defendants, Appellees.

No. 93–1708.

United States Court of Appeals,
First Circuit.

Submitted Oct. 6, 1993.

Decided March 18, 1994.

Kenneth E. Wilson on brief pro se.

Jeffrey R. Howard, Atty. Gen., and Susan S. Geiger, Senior Asst. Atty. Gen., on brief for appellees.

Before BREYER, Chief Judge,
TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

We affirm the judgment substantially for the reasons recited by the Magistrate–Judge in his order dated April 9, 1993 and his report and recommendation dated May 12, 1993. Each of plaintiff's three contentions on appeal proves unpersuasive. First, the state of New Hampshire was under no constitutional obligation to maintain a fully equipped law library within reasonable proximity of plaintiff's former residence. Second, the New Hampshire Supreme Court was under no constitutional obligation to review a trial transcript before declining to accept plaintiff's appeal from his divorce proceedings. *See* N.H.S.Ct.Rule 7(1). The fact that plaintiff was held in contempt for nonpayment of child support does not call for a

different result. Unlike in *Bundy v. Wilson,* 815 F.2d 125 (1st Cir.1987), which involved criminal appeals by felony defendants, plaintiff was adjudged guilty only of civil contempt and was never ordered imprisoned therefor. *See, e.g., Hicks v. Feiock,* 485 U.S. 624, 637–38, 108 S.Ct. 1423, 1432–33, 99 L.Ed.2d 721 (1988) (constitutionality of burden-shifting rule in nonsupport contempt proceeding depends on whether civil or criminal contempt was involved).

■ Finally, assuming *arguendo* that plaintiff's claim in this regard has not been procedurally defaulted, we agree that he enjoyed no constitutional right to appointed counsel in the state court proceedings. Relying on dicta in *Lassiter v. Dep't of Social Services,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d.640 (1981), plaintiff contends that an absolute right to counsel exists in all civil contempt adjudications. Whatever may be the rule in other contexts, we disagree that any such absolute right exists in domestic relations cases where no order of incarceration has resulted. *See, e.g., Sevier v. Turner,* 742 F.2d 262, 267 (6th Cir.1984) ("relevant question ... is whether the court in fact elects to incarcerate the defendant"); *see also Scott v. Illinois,* 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979) (in criminal context, "actual imprisonment [is] the line defining the constitutional right to appointment of counsel" under the Sixth and Fourteenth Amendments). *But see Lake v. Speziale,* 580 F.Supp. 1318, 1334–40 (D.Conn. 1984). In each of the various cases on which plaintiff relies, including *Walker v. McLain,* 768 F.2d 1181, 1183 (10th Cir.1985), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 805, 88 L.Ed.2d 781 (1986), and *Ridgway v. Baker,* 720 F.2d 1409, 1413 (5th Cir.1983), we note that actual (or imminent) incarceration was involved. Likewise, we are unpersuaded that the circumstances here were such as to necessitate the appointment of counsel on an individualized basis—either under the Due Process Clause, *see Lassiter,* 452 U.S. at 27–32, 101 S.Ct. at 2159–62 (applying factors set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)), or as a discretionary matter under state law,

see, e.g., *Duval v. Duval,* 114 N.H. 422, 322 A.2d 1, 4 (1974).

*Affirmed.*