59 F.3d 164
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Frank A. GRECO, M.D., Ph.D., Plaintiff, Appellant,
v.
Mary C. FITZPATRICK, et al., Defendants, Appellees.
 No. 94-2248.
 United States Court of Appeals,
First Circuit.
 June 23, 1995.
 
 Frank A. Greco, M.D., Ph.D., on brief pro se.
 Scott Harshbarger, Attorney General, and Rebecca P. McIntyre, Assistant Attorney General, on brief for appellees.
 D.Ariz.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 We affirm the judgment substantially for the reasons recited in the district court's decision of November 10, 1994, adding only the following comments.
 
 
 2
 In objecting to the district court's reliance on the Rooker-Feldman doctrine, see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), plaintiff argues that he is not seeking to overturn any state court judgment per se and that, in fact, many of the challenges here advanced to the probate court proceedings were never pursued in the state court system. The Rooker-Feldman doctrine recognizes that a federal district court lacks appellate jurisdiction to review a state court judgment. See, e.g., id. at 482-86; Gash Assocs. v. Village of Rosemont, Ill., 995 F.2d 726, 728-29 (7th Cir. 1993); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990). What plaintiff fails to recognize is that such "impermissible appellate review may occur when a district court is asked to entertain a claim that was not even argued in the state court but is 'inextricably intertwined' with the state court judgment." Ritter v. Ross, 992 F.2d 750, 753 (7th Cir. 1993) (quoting Feldman, 460 U.S. at 483 n.16), cert. denied, 114 S. Ct. 694 (1994); accord, e.g., Keene Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir. 1990). The multiple claims here presented-alleging violations of such matters as due process, equal protection, and the right to counsel-are sufficiently "intertwined" with the probate court proceedings so as to fall within the Rooker-Feldman doctrine's embrace. Plaintiff's remedy is to appeal within the state court system and then, if necessary, to petition the United States Supreme Court for a writ of certiorari.
 
 
 3
 We add that plaintiff's various allegations would falter even if the merits were to be considered. To list just some of the infirmities affecting his complaint: In order to state a cause of action under the second clause of 42 U.S.C. Sec. 1985(2), plaintiff was required to allege class-based, invidiously discriminatory animus, see, e.g., Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976); divorced fathers seeking custody of their children do not form a protected class under Sec. 1985. No Sixth Amendment right to counsel obtains in civil proceedings of this nature. See, e.g., Wilson v. State of New Hampshire, 18 F.3d 40, 41 (1st Cir. 1994) (per curiam). Unauthorized conduct that cannot be foreseen and controlled does not constitute a due process violation "until and unless [the state] ... refuses to provide a suitable post-deprivation remedy," Hudson v. Palmer, 468 U.S. 517, 533 (1984); no such showing has been made here. With respect to those claims that were or could have been presented in state court, relitigation thereof would be barred on preclusion grounds. See, e.g., Willhauck v. Halpin, 953 F.2d 689, 705 (1st Cir. 1991). The judicial defendants would be immune from most if not all of the damage claims here presented. See, e.g., Mireles v. Waco, 502 U.S. 9 (1991) (per curiam). And the Commonwealth and the probate court (along with the private defendants in their official capacities) are not "persons" within the meaning of 42 U.S.C. Sec. 1983. See, e.g., Hafer v. Melo, 502 U.S. 21, 25-26 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 62-70 (1989).
 
 
 4
 Affirmed.