USCA1 Opinion

 

 June 23, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2248  FRANK A. GRECO, M.D., Ph.D., Plaintiff, Appellant, v. MARY C. FITZPATRICK, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Frank A. Greco, M.D., Ph.D., on brief pro se. ___________________________ Scott Harshbarger, Attorney General, and Rebecca P. McIntyre, __________________ _____________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. We affirm the judgment substantially for __________ the reasons recited in the district court's decision of November 10, 1994, adding only the following comments. In objecting to the district court's reliance on the Rooker-Feldman doctrine, see Rooker v. Fidelity Trust Co., ______________ ___ ______ ___________________ 263 U.S. 413 (1923); District of Columbia Court of Appeals v. _____________________________________ Feldman, 460 U.S. 462 (1983), plaintiff argues that he is not _______ seeking to overturn any state court judgment per se and that, in fact, many of the challenges here advanced to the probate court proceedings were never pursued in the state court system. The Rooker-Feldman doctrine recognizes that a ______________ federal district court lacks appellate jurisdiction to review a state court judgment. See, e.g., id. at 482-86; Gash ___ ____ ___ ____ Assocs. v. Village of Rosemont, Ill., 995 F.2d 726, 728-29 _______ __________________________ (7th Cir. 1993); Lancellotti v. Fay, 909 F.2d 15, 17 (1st ___________ ___ Cir. 1990). What plaintiff fails to recognize is that such "impermissible appellate review may occur when a district court is asked to entertain a claim that was not even argued in the state court but is 'inextricably intertwined' with the state court judgment." Ritter v. Ross, 992 F.2d 750, 753 ______ ____ (7th Cir. 1993) (quoting Feldman, 460 U.S. at 483 n.16), _______ cert. denied, 114 S. Ct. 694 (1994); accord, e.g., Keene _____________ ______ ____ _____ Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir. 1990). The _____ ____ multiple claims here presented--alleging violations of such matters as due process, equal protection, and the right to counsel--are sufficiently "intertwined" with the probate court proceedings so as to fall within the Rooker-Feldman ______________ doctrine's embrace. Plaintiff's remedy is to appeal within the state court system and then, if necessary, to petition the United States Supreme Court for a writ of certiorari. We add that plaintiff's various allegations would falter even if the merits were to be considered. To list just some of the infirmities affecting his complaint: In order to state a cause of action under the second clause of 42 U.S.C. 1985(2), plaintiff was required to allege class-based, invidiously discriminatory animus, see, e.g., Hahn v. ___ ____ ____ Sargent, 523 F.2d 461, 469 (1st Cir. 1975), cert. denied, 425 _______ ____________ U.S. 904 (1976); divorced fathers seeking custody of their children do not form a protected class under 1985. No Sixth Amendment right to counsel obtains in civil proceedings of this nature. See, e.g., Wilson v. State of New Hampshire, ___ ____ ______ ______________________ 18 F.3d 40, 41 (1st Cir. 1994) (per curiam). Unauthorized conduct that cannot be foreseen and controlled does not constitute a due process violation "until and unless [the state] ... refuses to provide a suitable postdeprivation remedy," Hudson v. Palmer, 468 U.S. 517, 533 (1984); no such ______ ______ showing has been made here. With respect to those claims that were or could have been presented in state court, -3- relitigation thereof would be barred on preclusion grounds. See, e.g., Willhauck v. Halpin, 953 F.2d 689, 705 (1st Cir. ___ ____ _________ ______ 1991). The judicial defendants would be immune from most if not all of the damage claims here presented. See, e.g., ___ ____ Mireles v. Waco, 502 U.S. 9 (1991) (per curiam). And the _______ ____ Commonwealth and the probate court (along with the private defendants in their official capacities) are not "persons" within the meaning of 42 U.S.C. 1983. See, e.g., Hafer v. ___ ____ _____ Melo, 502 U.S. 21, 25-26 (1991); Will v. Michigan Dep't of ____ ____ _________________ State Police, 491 U.S. 58, 62-70 (1989).  ____________ Affirmed. _________ -4-