Rockingham
No. 2004-132

## THE STATE OF NEW HAMPSHIRE

v.

## KEVIN M. ARMSTRONG

Argued: November 30, 2004
Opinion Issued: January 25, 2005

*Kelly A. Ayotte*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*Chris McLaughlin*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, Kevin M. Armstrong, pled guilty to one count of escape. *See* RSA 642:6 (1996). He appeals from an order of the Superior Court (*T. Nadeau*, J.) requiring him to pay restitution for medical expenses incurred by a police officer, who was injured while attempting to apprehend him during commission of the escape. We affirm.

The relevant facts follow. The defendant was in official custody for an arraignment at the Derry District Court on July 3, 1998. During his arraignment the defendant ran from the court room. A police officer gave chase and was injured when he tripped and fell down a flight of stairs. The

defendant pled guilty to the charge of escape on October 26, 2001, and as part of that plea agreed, as part of his sentence, to pay restitution for the officer's medical bills.

The State was unable to determine the amount owed for the officer's medical bills, and moved to amend the sentence to remove the provision seeking restitution for medical costs on April 16, 2003. This motion was granted; however, the State later received information that the officer's medical bills totaled $13,372.35. Thereafter, the State sought to vacate the order which had eliminated the restitution provision of the defendant's sentence. This motion was granted. An evidentiary hearing was held so the defendant could challenge the reasonableness of the medical bills. The resulting order required the defendant to pay $13,070.10 in restitution for reasonable medical expenses.

The defendant appeals this order, arguing that the injury to the officer was not a "direct result" of the crime as required by RSA 651:62, III (Supp. 2004). The State argues that the defendant waived this argument when he agreed to pay restitution in his guilty plea. Since we find that the trial court was correct in ordering the defendant to pay restitution, we need not address the State's argument.

RSA 651:62, V defines restitution as "money or service provided by the offender to compensate a victim for economic loss . . . ." RSA 651:62, V (Supp. 2004). Economic loss is defined as "out-of-pocket or other expenses incurred as a direct result of a criminal offense . . . ." RSA 651:62, III. Both parties urge us to adopt a test to clarify the meaning of the phrase "direct result" in RSA 651:62, III. However, because the facts in this case fall so clearly within the scope of the plain meaning of the statutory language, we need not today adopt a test to ascertain at what point an event is no longer a direct result of a crime. We simply note, as we have in the past, that a defendant may be held liable for economic losses directly resulting from the factual allegations that support the conduct covered by the conviction. *See State v. Eno*, 143 N.H. 465, 470 (1999).

The defendant argues that the police officer's injury was not the direct result of his criminal offense, and that, therefore, the trial court erred by ordering restitution. We are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. We ascribe to statutory words and phrases their usual and common meaning unless the statute itself suggests otherwise. *State v. McCarthy*, 150 N.H. 389, 390 (2003).

The defendant pled guilty to the crime of escape. To commit this crime, one must escape from official custody. RSA 642:6. Pursuit can be, and in this case, was, a direct result of flight from official custody, because the defendant was in official custody at the Derry District Court when he fled. The officer chased the defendant and was injured during the chase. We hold, therefore, that the injuries suffered by the police officer in attempting to apprehend the defendant while he was escaping were suffered as a direct result of that escape. Thus, the defendant may be held liable for the resulting economic losses—in this case, reasonable medical bills.

The defendant raised other issues in his notice of appeal, but did not brief them. Accordingly, they are waived. *See Close v. Fisette*, 146 N.H. 480, 484 (2001).

*Affirmed.*

BRODERICK, C.J., and DUGGAN and GALWAY, JJ., concurred.