Hillsborough-southern judicial district
No. 99-129

RONALD M. CLOSE & a.

v.

JAMES FISETTE & a.

June 11, 2001

*Nixon Peabody LLP*, of Manchester (*W. Scott O'Connell* on the brief and orally), for the plaintiffs.

*Smith-Weiss, Shepard & Durmer, P.C.*, of Nashua (*Robert M. Shepard* and *Beth Ann Lanza* on the brief, and *Mr. Shepard* orally), for the defendants.

BRODERICK, J. The plaintiffs, Ronald and Shannon Close and Dawn and John Cooper, appeal an order of the Superior Court (*Hampsey*, J.) permanently enjoining them from using a twenty-foot-wide utility access easement to their property. We reverse.

The record reveals the following facts. In December 1989, the defendants, James and Martha Fisette, purchased a parcel of land in Dracut, Massachusetts from Peter Cricones, trustee for the Orchard

Realty Trust. The deed for the property contained a reservation which provided:

The grantors reserve unto themselves, their successors and assigns, an access and utility easement over the granted premises running from LeBlanc Road to the rear of the granted premises, of size sufficient to satisfy the regulatory authorities of the Towns of Pelham, New Hampshire, and Dracut, Massachusetts, and the State of New Hampshire, so that the lot to the rear of the granted premises will be considered to have legal access in the eyes of said authorities. Said easement will not take affect [sic] until there is available a recordable plan showing said easement.

The parties agree that said easement will not adversely interfere with the use and enjoyment of the Buyers' property as a single family residence.

In November 1991, the same parties executed an easement agreement that granted to Cricones, his agents and assigns

the right to use the right of way on said [Plan of Lands in Pelham, N.H./Dracut, M.A. Prepared for: Orchard Realty Trust . . .] described as Exist 20" [sic] Easement for a means of ingress and egress to and from their land to LeBlanc Road, and for any other purpose for which a public way may be used.

In the same month, this agreement was recorded in Hillsborough County, New Hampshire. The defendants and Cricones then signed the plan, entitled "Plan of Lands in Pelham N.H. /Dracut MA." It was recorded in Middlesex County, Massachusetts on February 27, 1996, and in Hillsborough County, New Hampshire on January 18, 1999. The "Exist. 20' Easement" is marked on the plan.

On March 10, 1997, the plaintiffs purchased their property from Cricones, again as trustee for the Orchard Realty Trust. Before completing the transaction, the plaintiffs reviewed both the easement agreement and the easement plan.

One day prior to this sale for the stated consideration of one dollar, Cricones transferred to the defendants additional property, which was located immediately behind their property and directly abutted the property that the plaintiffs were to purchase.

Once the sale to the plaintiffs was final, they began to build a residence on the property. During the process, the defendants

interfered with their access to the property, specifically to the residence. As a result, in December 1997, the plaintiffs sought a permanent injunction to prevent the defendants from interfering with their use of the easement. Two months later, in February 1998, seeking to enjoin the plaintiffs from using the easement, the defendants filed a separate petition. They did not join the plaintiffs' mortgage holder or Frank Kerepka, a neighbor who was a secondary party to the easement plan, in the action.

On September 14, 1998, the Trial Court (*Dalianis*, J.) consolidated the cases and ordered the parties to file "full registry abstract together with briefs" and stated that if requested, "[b]rief legal argument" would be scheduled. In addition, the trial court specified that a "[s]econdary issue [against the town regarding the] driveway permit may be reserved for factual finding depending upon the outcome of [the] primary issue." The defendants filed both and also included affidavits to support their position. The plaintiffs filed only the requested abstracts and brief.

In December 1998, concluding that no easement existed, the Trial Court (*Hampsey*, J.) issued an order dismissing the plaintiffs' petition and granting the defendants' petition. The court based its decision on the fact that the Pelham Planning Board had not approved the plan, and therefore determined that the plan was not "recordable" as required by the reservation in the deed. This order was supported by findings of fact. As a result of this order, the plaintiffs were denied access to their residence except over a wet area, labeled "Bartlett Brook" on the plan.

The plaintiffs' motion for reconsideration was denied. They then moved to vacate the order and judgment for lack of subject matter jurisdiction. Due to the pending appeal, the trial court declined to act. In their motion for reconsideration, the plaintiffs objected to the court's consideration of the defendants' affidavits in making its determination.

On appeal, the plaintiffs argue that the trial court (1) lacked subject matter jurisdiction to permanently enjoin them from using the easement, (2) misconstrued the deed, the easement agreement and the easement plan, and (3) erred in considering extrinsic evidence in evaluating the competing petitions for injunctive relief.

I

First, the plaintiffs argue that because the defendants failed to identify and notify all entities with an interest in the contested easement, the trial court lacked subject matter jurisdiction to issue

an order enjoining them from using it. Citing RSA 498:5-a through :5-d (1997), they contend that their mortgage holder and a neighbor, who was a secondary party to the easement agreement, should have been joined in the action.

■ A decision rendered by a court without subject matter jurisdiction is void. *See Cooperman v. MacNeil*, 123 N.H. 696, 700 (1983). A challenge to subject matter jurisdiction may be raised at any time during the proceeding, including on appeal, and may not be waived. *See id.* Thus, the plaintiffs have properly brought this issue before the court.

RSA 498:5-a through :5-d addresses suits to quiet title. A suit to quiet title is

> an action . . . brought . . . by any person claiming title to, or any interest in, real . . . property . . . against any person who may claim to own the same . . . or to have any interest in the same . . . adverse to the plaintiff, or in whom the land records disclose any interest, . . . claim or title conflicting with the plaintiff's claim, title or interest, whether or not the plaintiff is entitled to the immediate or exclusive possession of such property, for the purpose of determining such adverse estate, interest or claim, and to clear up all doubts and disputes and to quiet and settle the title to the same.

RSA 498:5-a. The facts of this case do not comprise a suit to quiet title. Instead, this case involves an agreement between two private parties to create an easement over the defendant's property to the plaintiff's property. Therefore, RSA 498:5-a through :5-d are not applicable to the instant case. The only necessary parties to the suit are the parties to the agreement at issue.

## II

■ We next address the plaintiffs' argument that the trial court misconstrued the deed, the easement agreement and the easement plan. The defendants contend that the grant of the easement in the deed contained ambiguous terms. Because we find that the easement agreement coupled with the easement plan independently created an easement, we need not address the reservation in the deed.

The easement agreement, signed by Cricones and the defendants on November 25, 1991, and subsequently recorded, granted Cricones and, through him, the plaintiffs

the right to use the right of way on said [Plan of Lands in Pelham, N.H./Dracut, MA., Prepared for Orchard Realty Trust . . .] described as Exist 20″ [*sic*] Easement for a means of ingress and egress to and from their land to LeBlanc Road, and for any other purpose for which a public way may be used.

The agreement also clearly references a plan, thus providing inquiry notice of its existence. These two documents are sufficient to create an easement; therefore, reference to the deed or its terms is not necessary.

We will apply the general rules of contract interpretation to the interpretation of the easement agreement. *Cf. Echo Consulting Services v. North Conway Bank*, 140 N.H. 566, 569 (1995) (construing lease in accordance with the standard rules of contract interpretation). "As a general rule, the proper interpretation of a contract is ultimately a question of law for this court, and we will determine the meaning of the contract based on the meaning that would be attached to it by reasonable persons." *Galloway v. Chicago-Soft*, 142 N.H. 752, 756 (1998) (quotation omitted). When interpreting a contract, absent fraud, duress, mutual mistake, or ambiguity, the parties' intent will be determined from the plain meaning of the language used in the contract. *See Appeal of Reid*, 143 N.H. 246, 249 (1998).

We do not find any ambiguity in the easement agreement and interpret its language as granting the plaintiffs the right to use the easement to obtain access to their property. By its terms, it clearly creates an ingress and egress from LeBlanc Road across the defendants' property to the plaintiffs' property that may be used in any way in which a public way may be used. Reference to the plan shows that the easement is twenty feet wide and indicates where on the defendants' property the easement is located.

Because we reverse the trial court's order for the reasons stated above, we decline to address the plaintiffs' remaining argument. Those arguments raised in the notice of appeal, but not briefed, are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998). Accordingly, we determine that the trial court's order enjoining the plaintiffs from using the easement was in error and remand to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

NADEAU, J., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.