# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0014, <u>Mark Palanchian v. Scott Mitchell, Trustee of the Scott Mitchell Revocable Trust of 2010</u>, the court on June 29, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Scott Mitchell, appeals an order of the Superior Court (<u>O'Neill</u>, J.) granting summary judgment in favor of the plaintiff, Mark Palanchian, on the plaintiff's trespass claim. We reverse and remand.

The following facts are undisputed. The parties own abutting properties in Gilford. The defendant's driveway runs alongside the plaintiff's property. At one point, the driveway bends and partially crosses over onto the plaintiff's land before it bends back onto the defendant's land. After a dispute in 2016, the parties entered into a settlement agreement that granted the defendant a driveway easement over the plaintiff's land, along with an easement for a three-and-one-half-foot buffer zone adjacent to the driveway. The relevant portions of the easement deed read:

> A certain perpetual, exclusive driveway easement located upon Grantor's land . . . .
>
> . . . .
>
> Meaning to describe and convey a 175 square foot easement as depicted on the aforementioned Easement Plan. Said easement may be used by Grantee's family members, agents, successors, assigns, tenants, invitees, licensees and the general public to access Grantee's property by vehicle and by foot.
>
> In addition to the above driveway easement, Grantor grants to Grantee a three and one half (3.5) foot deep, perpetual and exclusive buffer zone along the edge of the easement zone for purposes of landscaping and for plowing snow from the driveway easement area, as depicted on the Easement Plan. Grantee shall be responsible for landscaping and maintaining said buffer in a clean and attractive manner.

In 2020, the defendant installed a stone and concrete wall alongside his driveway. A stretch of the wall sits within the buffer zone. It stands about two feet tall, flush with the raised land on the plaintiff's side of the wall. The buffer zone also contains landscaping behind the wall, including arborvitaes and bark mulch.

The plaintiff filed a complaint for, inter alia, trespass against the defendant in December 2020, arguing that construction of the wall in the buffer zone exceeded the scope of the easement deed. The parties filed cross-motions for summary judgment, and the superior court held a hearing in November 2021. Ultimately, the court granted summary judgment in favor of the plaintiff. In its order, the court noted that the buffer zone was granted for "purposes of landscaping and for plowing snow." (Quotation omitted.) The court reasoned that "[t]he use of the word 'and' demonstrates that the parties' intention was to permit landscaping that does not impede snow plowing," and found that the wall "creates an impediment for plowing snow." Thus, the court concluded that "the wall conflicts directly with the unambiguous language of the Easement Deed and the parties' intent in creating same." The court ordered that "the wall must be removed." The defendant then brought this appeal.

In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. Stowell v. Andrews, 171 N.H. 289, 293 (2018). If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment. Id. We review the trial court's application of the law to the facts de novo. Id.

On appeal, the defendant first challenges the trial court's interpretation of the easement deed, arguing that the trial court "erred when it concluded the landscaping buffer zone easement could only be used in a manner that promotes both landscaping and snow removal." (Capitalization and bolding omitted.) The defendant asserts that the retaining wall "constitutes 'landscaping' as the term is commonly understood" and is thus permitted by the plain language of the buffer-zone easement. In the alternative, the defendant contends that even if the wall is not "landscaping," it is nevertheless reasonably necessary for the use and enjoyment of his easements.

Resolving this case requires us to interpret the meaning of the deed language. The interpretation of a deed is a question of law, which we review de novo. Arell v. Palmer, 173 N.H. 641, 644-45 (2020). When interpreting a deed, we give it the meaning intended by the parties at the time they wrote it, taking into account the surrounding circumstances at that time. Id. at 645. If the

2

language of the deed is clear and unambiguous, we interpret the intended meaning from the deed itself, considering it as a whole, without resorting to extrinsic evidence.  Id.

We agree with the defendant that "the trial court erred when it interpreted the phrase 'purposes of landscaping and for plowing snow' to allow the defendant to use the buffer zone easement only in a way that furthers both landscaping and snow removal."  (Emphasis added.)  Nothing in the deed's plain language imposes this limitation on "landscaping."  Indeed, nothing requires the defendant to actually use the buffer zone area for snow plowing.  The deed states that the "Grantee shall be responsible for landscaping and maintaining said buffer in a clean and attractive manner," (emphasis added), but there is no requirement for snow plowing.  He may use it for snow plowing — or not.  Notably, any impediment is to the defendant's ability to plow his own driveway.  The plaintiff's ability to remove snow is not impeded.  We see no reason why the defendant's right to use the buffer zone for snow plowing should be interpreted as limiting his right to landscape that area.

The plaintiff asserts that the buffer-zone easement must be interpreted together with the driveway easement, and that the buffer-zone easement was intended only "for snow plowing and maintenance associated with the driveway."  We disagree.  Even if we interpret the easements together, as explained above, the plain language of the buffer zone easement permits "landscaping."  It is not limited to "maintenance associated with the driveway." Therefore, the primary question is whether the wall here constitutes "landscaping."

We interpret the meaning of "landscaping" based on the meaning that would be attached to it by reasonable persons.  See Close v. Fisette, 146 N.H. 480, 484 (2001).  In doing so, we can look to the dictionary for guidance.  See, e.g., Arell, 173 N.H. at 645-46.  The verb "landscape" is defined as "to improve by landscape architecture or gardening."  Merriam-Webster Unabridged, https://unabridged.merriam-webster.com/unabridged/landscaping (last visited June 5, 2023) (emphasis added).  Furthermore, landscaping can include "hardscape," which is defined as "structures (such as fountains, benches, or gazebos) that are incorporated into a landscape."  Merriam-Webster Unabridged, https://unabridged.merriam-webster.com/unabridged/hardscape (last visited June 5, 2023); see also Oxford English Dictionary, https://www.oed.com/view/Entry/266763#eid67618754 (last visited June 5, 2023) (defining "hardscape" as "[t]he constructed physical features of landscape design, such as paths, walls, structures, etc., as distinct from vegetation or water" (emphasis added)).  Thus, "landscaping" may include a constructed wall. Here, the wall holds back other landscaping features, including mulch and plantings.  There is no dispute that its purpose is to neatly separate the landscaping from the driveway and prevent soil erosion and runoff.  In other words, it is part of the landscaping in the buffer zone.  We conclude that the

3

deed is unambiguous and that the wall falls within the term "landscaping" as used in the easement deed.

The plaintiff also argues that the defendant "failed to establish that the subject concrete wall was necessary for the use and enjoyment of the subject driveway." We disagree. The easement deed contains two separate easements — a buffer-zone easement which permits landscaping, and a driveway easement. The buffer-zone easement does not limit "landscaping" to landscaping that is necessary for the use and enjoyment of the separate driveway easement. The easement deed expressly permits "landscaping," which in this case includes the subject wall.

We note that even when a proposed use is permitted by deed language, the use still must be reasonable. Heartz v. City of Concord, 148 N.H. 325, 331 (2002). Reasonableness is a question of fact that is determined by considering the surrounding circumstances, such as location and the use of the parties' properties, and the advantages and disadvantages to each party. Id. at 332. However, if the complaining party fails to make sufficient factual allegations of unreasonable use or burden, we need consider only the unambiguous language in the deed. Id.

The plaintiff's claim in the trial court was that the wall was outside the scope of the easement deed's plain language. Accordingly, we consider only the unambiguous language in the deed. Id. As explained above, the wall is permitted by the plain language of the deed.

We conclude that the trial court erred when it ruled that the deed's plain language prohibits the wall. Because the wall is permitted by the plain language of the deed, we need not address the defendant's alternative argument that the wall is reasonably necessary for the use and enjoyment of his easements. Accordingly, we reverse the entry of summary judgment in favor of the plaintiff and remand to the trial court with instructions to enter summary judgment in favor of the defendant.

Reversed and remanded.

HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4